# THE CHELTENHAM IMPROVEMENT COMPANY

## *v.*

## WILLIAM H. WHITEHEAD.

### *Filed at Ottawa May 16, 1889.*

128  279
37a  627
128  279
41a  443
128  279
51a  301
128  279
53a  627
54a  566
55a  348
128  279
59a  431
59a  680
60a  247
60a  289
61a  257
128  279
167  295
128  279
70a  674
128  279
172  639
128  279
77a  113
128  279
178  541
128  279
180  398
128  279
85a  383
85a  384
85a  514
128  279
185  210
128  279
190  ⁴175
94a  ⁴383
128  279
96a  ¹124
128  279
194  ⁴232
196  ⁴561
100a  ²250
100a  ¹252
100a  ²254
128  279
102a  ⁴346
128  279
103a  ⁴224
128  279
203  ⁴403
204  ⁴640
f107a ²635
128  279
212  ⁴225
f213  ²100

1. MORTGAGES—*foreclosure—allegations and proofs—as to removal of tax title by mortgagee.* A bill to foreclose a deed of trust alleged that the mortgagor, for himself, etc., covenanted that he and they would pay all taxes, etc., levied or assessed against the lands mortgaged until the mortgage debt was paid, but that owing to the neglect and default of the mortgagor or his assigns, a large amount of taxes and assessments are now due and owing on the premises and are a lien thereon, and that taxes and assessments have been allowed to go to judgment and sale, and deeds have been issued on said real estate, or a part thereof still remaining as security. To the bill was attached a copy of the trust deed, which provided that all payments by the holder of the notes should be added to the mortgage indebtedness: *Held,* that the allegations in the bill, taken with the trust deed, were sufficient upon which to predicate evidence of the complainant's payment of $1000 with which to purchase an outstanding tax title.

2. SAME—*solicitor's fees—in whose favor allowable—clause in deed of trust construed.* A deed of trust given to secure notes, provided that on default of payment, etc., the trustee might, in his own name or otherwise, file a bill to foreclose, and further authorized such trustee to take from the proceeds of the sale under the foreclosure, five per cent thereof for solicitor's fees. A bill was filed to foreclose, by the holder of the notes, and the court allowed the same solicitor's fees as if the bill had been filed in the name of the trustee, for the reason that it mattered not to the mortgagor to which of the parties he paid the solicitor's fee.

3. SAME—*allowance for abstract of title.* The party foreclosing a deed of trust will not be entitled to have allowed, in addition to the debt, interest, costs and attorney's fees, for an abstract of title and expenses incurred in procuring data to foreclose, in the absence of any clause in the trust deed which, by reasonable construction, gives the right. A clause authorizing the trustee to pay "also all other expenses of this trust," will not authorize the court to charge the trust estate for such abstract, etc.

4. CHANCERY—*exceptions to the master's report—whether necessary.* Where a cause is referred to the master in chancery to take the evidence and report his conclusions of fact, if the evidence before the master is incompetent, or insufficient to establish a claim or fact against the de-

fendant, he must file exceptions to the master's report, and if overruled, renew the same in the trial court, otherwise he can not afterward call in question the sufficiency of the evidence. The master's report, where no exceptions are taken, is conclusive on the parties.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

This was a bill in equity, brought by defendant in error, William H. Whitehead, to foreclose a deed of trust. The facts are fully stated in the opinion of the Appellate Court, as follows :

"On the 29th day of November, 1880, Ira N. Herrick executed two promissory notes, for $17,040 each, payable to the order of Franklin H. Watriss, in one and two years after date, with interest, and to secure their payment executed a deed of trust to George W. Smith, as trustee, conveying six separate parcels of land. The first note was paid at maturity, and two of said parcels of land were thereupon released from said deed of trust. Partial payments were made on the other note, and the present bill was brought to foreclose the deed of trust for the residue remaining unpaid.

"The deed of trust contained, among other things, a covenant that the grantor would, in due season, pay all taxes on said lands, and in case of his refusal or neglect so to do, the grantee, or his successors in trust, or the holder of said notes, or either of them, might pay such taxes, and that the moneys thus paid, with interest thereon at the rate of eight per cent per annum, should become so much additional indebtedness secured by said deed of trust, to be paid out of the proceeds of the sale of said lands, if not otherwise paid by the grantor. Said deed of trust also contained the following provision :

" 'In case of default in the payment of said promissory notes, or either of them, or any part thereof, according to the tenor and effect of said notes,   *   *   *   or in case of waste or non-payment of taxes,   *   *   *   or in case of the breach of any of the covenants or agreements herein mentioned, then

and from thenceforth it shall be lawful for said party of the second part, or his successor in trust, or the person who may be appointed by the court to execute this trust, on application of the legal holder of said promissory notes, or either of them, to enter into and upon and take possession of the premises hereby granted, or any part thereof, and to collect and receive all rents, issues and profits thereof, and in his own name, or otherwise, to file a bill or bills in any court having jurisdiction thereof, against the said party of the first part, his heirs, executors and assigns, to obtain a decree for the sale and conveyance of the whole or any part of said premises, for the purposes herein specified, by said party of the second part, as such trustee, or as special commissioner, or otherwise, under order of said court, and out of the proceeds of any such sale to first pay the costs of said suit, all costs of advertising, sale and conveyance, including the reasonable fees and commissions of said party of the second part, or person who may be appointed to execute this trust, and five per cent on the amount of such principal, interest and costs, for attorneys' and solicitors' fees, and also all other expenses of this trust, including all moneys advanced for insurance, taxes and other liens or assessments, with interest thereon at eight per cent per annum, then to pay the principal of said notes, whether due and payable by the terms thereof, or at the option of the legal holder thereof, and interest due on said notes up to the time of said sale, rendering the overplus, if any, unto the party of the first part, his legal representatives or assigns, on reasonable request.'

"Prior to filing the bill, William H. Whitehead, the complainant, became the owner of the unpaid note, by purchase, and Herrick conveyed all of said parcels of land to A. B. Meeker, who in turn conveyed three of the four tracts not released from the deed of trust, to the Cheltenham Improvement Company. The bill makes the Cheltenham Improvement Company, George W. Smith, the trustee, Herrick, the maker

of the notes, and various other parties who had or claimed some interest in the premises, parties defendant. The default of the Cheltenham Improvement Company was duly entered, and on reference to the master it was found that the balance (principal and interest) due on said note was $13,182; that the complainant had been compelled to pay out the sum of $1000 to redeem a portion of said premises from a tax sale; that he had paid out for an abstract of title, and for the procurement of certain information or data necessary to be used in preparing and filing the bill, the sum of $260. To this the master added five per cent of the amount found due, being $719, for solicitors' fees, thus making a total of $15,161. The master's report was approved, and a decree entered fixing the amount due on the deed of trust at the last mentioned sum, and awarding a sale of said premises therefor."

The Cheltenham Improvement Company appealed to the Appellate Court, where it was held that the decree was erroneous in allowing the attorney's fee and the item of $260 for abstract. The cause was reversed, with directions to the circuit court to enter a decree for the amount found due complainant by the decree, less the two items mentioned above. To reverse the judgment of the Appellate Court the Cheltenham Improvement Company sued out this writ of error, and the complainant in the bill, William H. Whitehead, has assigned cross-errors, calling in question the decision of the Appellate Court in regard to the two items above mentioned.

Mr. FREDERIC ULLMAN, for the plaintiff in error:

The circuit court erred in allowing $260 for an abstract of title, and for "obtaining the information provided for in the said trust deed and in the preparation of this cause." There is no authority in the deed of trust for such allowance.

It was error to allow $1000 paid out for an alleged tax title, and to provide that the same should be a lien on the land of the plaintiff in error. The bill fails to show that appellee had

paid out any money for taxes, and he had not done so, in fact, as the evidence shows.  *Adams* v. *Payson,* 11 Ill. 26; *Augustine* v. *Doud,* 1 Bradw. 593.

It was error to allow appellee $719 as solicitor's fees.  The deed of trust provides for the payment of the solicitor's fee only in case of a foreclosure by the trustee.  Such a provision is to be construed strictly.

Messrs. WHITEHEAD & PICKARD, for the defendant in error:

In stating a claim of the complainant in chancery, it is only necessary to do so generally.  A general charge or statement of a matter of fact is sufficient.   Story's Eq. Pl. sec. 28.

Having had the right to file exceptions to the master's report, but having failed to do so, either before the master or in the court below, the plaintiff in error is precluded from making such objections in this court, and the master's report must be taken, in this court, as "conclusive of the questions covered by it."  *Pennell* v. *Insurance Co.* 73 Ill. 303; *McClay* v. *Norris,* 4 Gilm. 370; *Clark* v. *Laughlin,* 62 Ill. 278; *Brockman* v. *Aulger,* 12 id. 277; *Jewell* v. *Paper Co.* 101 id. 57; *Hurd* v. *Goodrich,* 59 id. 450; *M. E. Church* v. *Jacques,* 3 Johns. Ch. 77; *Prince* v. *Cutler,* 69 Ill. 267.

It is contended that the provision for an attorney's fee covers the case only of a bill filed by the trustee.  The deed says, "in his own name or otherwise."   The word "otherwise," will cover a sale by the master.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

No fault whatever is found with the amount due on the note secured by the trust deed, as determined in the decree, but it is insisted that the allowance of $1000 for money paid in the purchase of an outstanding tax title is erroneous, upon two grounds:  First, because it was not claimed in the bill; and second, it is not a proper allowance under the evidence.

Upon an examination of the bill, the following allegation in regard to tax claims will be found:

"And further, your orator says, that in and by said trust deed the said Ira N. Herrick, for himself and his heirs, executors, administrators and assigns, covenanted that he and they would pay all taxes and assessments levied or assessed against the real estate in the said trust deed described, until the indebtedness secured thereby should be fully paid; but your orator shows, that owing to the neglect and default of the said Ira N. Herrick, or his assigns, a large amount of taxes and assessments is now due and owing on the said premises, and are a lien thereon, and that taxes and assessments have been allowed to go to judgment, sale, and deeds have been issued on said real estate, or a part thereof still remaining as security under said trust, and for the indebtedness due your orator, as aforesaid."

In addition to this allegation, the trust deed was attached to and made a part of the bill. If the bill had contained an allegation of the amount of the tax lien, and that the same had been paid by the complainant, it would not be subject to criticism; but the allegation, in connection with the terms of the trust deed, which is a part of the bill, is, in our judgment, sufficient upon which to predicate the evidence of the payment of the $1000 item embraced in the decree.

As to the sufficiency of the evidence to support this item in the decree, plaintiff in error is in no position to raise the question. The cause was referred to the master in chancery to take the proofs and report to the court. The evidence was taken and a report filed, but no exception was taken to the report of the master in regard to tax liens and payment of tax liens, either before the master or in the circuit court. If, in the opinion of the plaintiff in error, the evidence offered before the master was incompetent or insufficient to establish the claim, he was required to file exceptions before the master, and, if overruled there, renew the exceptions in the circuit

court. Had this course been pursued, the objection now relied upon might properly be considered; but as no exception was taken before the master, or in the circuit court, plaintiff in error is precluded from making the objection here. The master's report must be held conclusive of all questions covered by it not excepted to. *Pennell* v. *Lamar Ins. Co.* 73 Ill. 303.

As has been seen, the court, in the decree, allowed complainant $260 for an abstract of title and expenses incurred in procuring data to foreclose the trust deed. We find no clause in the trust deed which can, upon any reasonable construction, be held to authorize a claim of this character, and, in the absence of authority in the trust deed, the court had no power to allow the amount. It is true that the trust deed contains a clause which authorizes the trustee, upon sale of the mortgaged premises, in distributing the proceeds, to pay certain specified claims, and "also all other expenses of this trust." Whatever expenses the trustee might necessarily incur in making a sale of the property under the power or decree, such as advertising, or perhaps procuring an auctioneer, would be a legitimate charge on the fund derived from the sale; but we do not think the obtaining of an abstract was any part of the expenses of the trust. An abstract might be useful to the attorneys who were employed to foreclose the mortgage, to furnish the names of persons who might have liens on the mortgaged premises; but at the same time, the mortgagor ought not to be charged with and compelled to pay for such information, unless it clearly appeared, from the mortgage, that he had agreed to do so, which is not the case here.

One other question remains to be considered, and that is, whether the solicitor's fee of $719 was an element proper to be embraced in the decree. As heretofore stated, the trust deed provides, in case of default in the payment of the debt, or in case of the breach of any of the covenants of the deed, the party of the second part (the trustee named in the deed) is authorized, in his own name or otherwise, to file a bill to fore-

close the mortgaged premises and to obtain a decree of sale, and from the proceeds of the sale the deed provides that five per cent of the amount of the debt shall be paid as solicitors' fees. It is not denied, if the bill had been filed in the name of the trustee, that the amount provided in the decree for solicitors' fees would be a proper charge, under the terms of the deed of trust; but as the bill was filed in the name of the holder of the mortgage indebtedness, and not in the name of the trustee, it is claimed that the allowance was not authorized. We do not assent to this construction of the language used in the trust deed. The object in providing for attorneys' fees in the trust deed was, in the event that the mortgagor should fail to pay the debt, and the holder of the indebtedness should be compelled to foreclose the trust deed in order to collect the debt, then solicitors' fees should be allowed. What difference could it make with the mortgagor whether the bill should be filed in the name of the trustee or in the name of the holder of the indebtedness? We do not see that the liability of the mortgagor could in any manner be changed, whether the bill was brought in the one name or the other. Moreover, the language of the deed of trust, giving it a fair construction, will not admit of the meaning attempted to be placed upon it. The solicitors' fees are payable upon the filing of a bill in the name of the trustee, or *otherwise*. Some meaning must be given to the word "otherwise." It can not be arbitrarily rejected. And we are of opinion that a fair and reasonable construction of the contract will fully authorize the allowance of solicitors' fees, whether the bill was filed in the name of the trustee or some other person.

The judgment of the Appellate Court will be reversed as respects the solicitor's fee named in the decree. In all other respects it will be affirmed.    *Judgment affirmed.*

Mr. JUSTICE BAILEY, having heard this case in the Appellate Court, took no part in its decision here.