·John W. Waughop, and John W. Waughop, Executor
and Trustee of Ellen Waughop, v. Nelson
S. Bartlett, John P. Putnam and
Hiram Rich, Executors of
Samuel E. Sawyer.

1. LIMITATIONS—*Administration of Estates—Claims Secured by Trust Deeds.*—When a person, in his lifetime, makes his promissory note and secures the same by a trust deed upon his real estate, the holder of the note is not required to present the note for allowance against his estate within two years from the granting of letters thereon. He may elect to rely upon his security, in which case the estate and the heirs are relieved of any liability to pay it.

2. SAME—*Recognition of the Debt By a Testator in His Will, etc.*— The recognition by a testator in his will of a debt secured by a trust deed upon his real estate, and a direction to his trustee to pay it, such recognition and payments on the debt by such trustee, are sufficient to take the debt out of the bar of the ten year statute of limitations, so far as the right to foreclose the trust deed is concerned.

3. FORECLOSURE—*When Not Barred by the Statute of Limitations.*— Sections 11 and 16, of chapter 83, R. S., entitled "Limitations," are to be construed together, and the right to foreclose a trust deed continues until the debt which it secures is barred. Whatever operates to arrest the running of the statute against the debt will arrest it against the trust deed.

4. EQUITY PRACTICE—*Parties—Appointment of a Naked Trustee.*— Where the trustee mentioned in a trust deed, as well as his successor in trust are dead, and no person appointed in place of the successor, if the heirs of both the trustee and his successor in trust are made parties, the court will not inquire whether they are necessary parties, but having jurisdiction of all the necessary parties, will proceed to a decree without the formality of appointing a mere naked trustee.

Foreclosure, of a trust deed. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 12, 1895.

JOHN W. WAUGHOP, attorney for appellants.

WM. ODELL CLARK, attorney for appellees.

Mr. Justice Shepard delivered the opinion of the Court.

This is an appeal from a decree of sale entered in a suit to foreclose a trust deed, in the nature of a mortgage, made by Ellen Waughop, deceased, in her lifetime and John W. Waughop, her husband, conveying certain real estate in the city of Chicago, to secure a loan of $6,000.

The trust deed was made January 1, 1876, and the note evidencing the indebtedness thereby secured bore the same date, and was payable, by its terms, five years after date, with interest at eight per cent per annum, and was executed by the said Ellen Waughop and John W. Waughop. Indorsements on the note show that on May 17, 1880, $1,000 was paid on the principal, and that on January 1, 1881, payment of the balance of the note was extended one year at the rate of seven per cent interest, and that all interest upon the note was paid up to January 1, 1890.

The said Ellen Waughop died, testate, February 25, 1888, and on March 15, 1888, letters testamentary upon her estate issued to said John W. Waughop, her surviving husband, as executor. On April 9, 1894, this bill to foreclose was filed.

No claim on the note was ever presented against the estate of Ellen Waughop in the Probate Court.

The principal contention of the appellant is that the claim being barred by the provisions of the seventh clause of section 70, chapter 3, Revised Statutes, relating to the administration of estates of deceased persons, this foreclosure suit can not be sustained.

We have decided otherwise in a case presenting the same question at this term, Kitteredge v. Nicholes (No. 5,811, filed Nov. 18, 1895), and see no reason in anything presented by this record to modify our decision in that regard.

It is next urged that this suit is barred by the ten years statute of limitations, provided in sections 11 and 16, chapter 83, Revised Statutes.

It was held in Schifferstein v. Allison, 123 Ill. 626, that those two sections of the statute are to be construed to-

gether, and that if any payment shall be made upon the indebtedness secured by the mortgage, the statute of limitation will not begin to run until from the time of the last payment.

The master to whom the case was referred, reported so thoroughly upon this branch of the cause that we adopt that portion of his report, as follows :

" This note bears date January 1, 1876, and is due, by its terms, five years after date thereof. It therefore became due and a cause of action accrued thereon January 1, 1881, and if there was no payment on said note or promise to pay in writing, the cause of action on said note was barred January 1, 1891, and as the bill was not filed in this case until April 9, 1894, it would follow that the suit could not be maintained. The question is, therefore, does the evidence show a payment on said note or a new promise to pay in writing. It is true that while the payment of interest is indorsed on the note, showing the regular payment of interest thereon at intervals of every six months from the time said note became due until June 12, 1890, yet such indorsements alone are not sufficient proof of payment to remove the bar of the statute of limitations or to arrest its running, and are not evidence against the heirs of Ellen Waughop, deceased. But the evidence does show, beyond question, that on June 12, 1890, the defendant, John W. Waughop, did pay one hundred and seventy-five dollars interest due on said note January 1, 1890.

But it is claimed by said defendant that said interest was paid by him in his individual capacity, and not as representative of the estate of deceased, maker of said note. This we do not think is shown, if we take into consideration all the evidence and circumstances in the case. Ellen Waughop, by her last will, clearly recognized this indebtedness, and directed the payment of the interest and principal by the defendant, John W. Waughop, whom she appointed trustee of her said estate. After describing the premises these payments are directed as follows, to-wit :

' But all and singular the aforesaid lots and premises are

granted, bequeathed and conveyed to my said executor and trustee in trust, to and for the following uses and purposes, that is to say, with power to collect all rents thereof and use the same to pay the taxes and assessments that may be levied thereon, to make and pay for the necessary repairs to said premises, and to pay the interest on certain incumbrances on a part of said premises, and whatever can be saved to pay off the incumbrances on a part of said premises.'

This language was used by Ellen Waughop, one of the makers of said note and trust deed, in her last will, dated August 29, 1887, more than six years after the note became due and the right of action accrued thereon, and less than six months before her death, which occurred February 25, 1888, and we think is a clear recognition by her of the existence of the debt and a positive direction to her trustee to pay the same.

And we think from the evidence that the trustee named in said will so understood the language of the will, for on March 15, 1888, less than a month after the death of the testatrix, he filed in the Probate Court his petition, stating that he was willing to undertake the trust imposed upon him in said will, and praying that the will be admitted to probate and letters testamentary be issued to him, and in his petition he describes the property incumbered in the trust deed by street number, and the incumbrance thereon, and again on December 3, 1889, he, as executor and trustee under said will, filed an inventory of the real estate and personal property of said deceased, in and by which inventory he specifically describes the property described in said trust deed, and also specifically describes the indebtedness as an incumbrance legally existing on said premises; and he admits, by his answer, that there is due on said note the sum of five thousand dollars, with interest thereon, from January 1, 1890.   Letters testamentary issued March 15, 1888, and the two years allowed to file claims was up March 15, 1890, so that on June 12, 1890, when the last payment of interest was made on said note, the heirs and estate had been relieved

from any personal liability by the bar of the statute requir-
ing claims to be filed within two years. Therefore said
payment was not made to protect said estate or heirs from
any threatened suit by complainants, and we think, under
all the circumstances, it must be held that said payment was
as trustee under the will of said deceased.

The said will creates a trust for specific purposes, among
which is the payment of interest and principal of this incum-
brance, and the defendant having accepted said trust can
not, we think, avail himself of the statute of limitations by
claiming that his acts in paying interest on said note were
his individual acts, and not as trustee, for the purpose of de-
feating said trust created by said will. The payment of
interest on June 12, 1890, by him, is clearly proven, and
there is no evidence showing in what capacity he intended
to act when paying the interest; the two years statute of lim-
itations had relieved the estate and heirs of liability; the pay-
ment was therefore not made to protect them, and we think
the fair presumption is, that said defendants made said pay-
ment as trustee under said will.

We therefore think, from all the facts and circumstances,
that so far as the right of complainants to foreclose said
trust deed against the property therein described, is con-
cerned, it is not barred by the ten years statute of limita-
tions. "

It is further urged that the suit can not be maintained,
because the person named in the trust deed as trustee has
died, and after his death the person named as successor in
trust also died, and no person has been appointed trustee in
place of the successor in trust.

The heirs of the successor in trust were made parties to
the suit. Whether the legal title vested in them under the
particular terms of the trust deed, or not, need not be dis-
cussed. If so, and they were necessary parties, they have
been made so. If not necessary parties, their presence does
appellant no harm. But in no event was the appointment
of a new trustee necessary. There was nothing for a new
trustee to do. The legal title to the mortgaged premises

was vested either in the heirs of the successor in trust or in the heirs of Ellen Waughop, and they are all parties. Under such circumstances a court of equity having jurisdiction of all the necessary parties could proceed to a decree without the formality of stopping to appoint a mere naked trustee.

It is also objected to the decree that it contains an allowance of $500 for solicitor's fees.

Whatever might be our view of that question, if a new one, we are not able to satisfactorily distinguish it from the rule announced in Cheltenham Improvement Co. v. Whitehead, 128 Ill. 279.

Having thus noticed what seems to be the main objections urged by the appellant, we omit discussion of the various other errors assigned and argued by appellant, with the remark that they do not appear to us to be of any controlling merit.

The decree of the Superior Court will therefore be affirmed.