LESSER FRANKLIN

v.

JAMES A. McDONALD et al.

*Filed at Ottawa November 9, 1896.*

1. APPEALS AND ERRORS—*errors of fact must clearly appear on appeal.* Whether a loan company had actual notice of the fact that money loaned by it was to be paid over to some person other than the ostensible borrower is a question of fact, and an erroneous finding thereon upon conflicting testimony must be clear and palpable to authorize reversal.

2. NOTICE—*facts insufficient to constitute constructive notice.* The mere delivery of a warranty deed by a vendor to a loan company from whom his vendee is about to obtain a loan upon the property conveyed, will not charge the loan company with notice of the rights and equities claimed by such vendor in the property.

3. VENDOR'S LIEN—*release of, by act of vendor.* A vendor of land having a lien thereon for unpaid purchase money, who causes a perfect, unincumbered title to appear of record in his vendee in order to enable such vendee to obtain a loan upon the property, thereby releases his lien as against the party advancing the loan. (*McLaurie* v. *Thomas*, 39 Ill. 291, distinguished and explained.)

*Franklin* v. *McDonald*, 58 Ill. App. 230, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. WILLIAM G. EWING, Judge, presiding.

This cause was brought before this court at a former term, but was dismissed for want of jurisdiction. (*Franklin* v. *Loan and Investment Co. of North America*, 152 Ill. 345.) A writ of error was thereafter sued out of the Appellate Court for the First District, and there the decree of the Superior Court of Cook county was affirmed. In disposing of the case the Appellate Court filed the following opinion:

"GARY, J.: The real defendant in error here is the Loan and Investment Company of North America, which made a loan to McDonald upon a trust deed in the nature

of a mortgage, made to secure an indebtedness of $1400. The company advanced to him $645 on the security and he then ran away. The plaintiff in error conveyed the property to McDonald by warranty deed, and upon a policy of insurance to McDonald upon a house on the property, which policy contained a mortgage clause reading, 'Loss, if any, payable to Lesser Franklin, as his interest may appear,' the plaintiff in error indorsed, 'My interest in the within has ceased,' with his signature. The deed of trust, warranty deed and policy were all delivered to the company. Franklin filed this bill to have the trust deed set aside upon the ground that McDonald never paid for the property, and had agreed that the proceeds of the loan should be paid to Franklin by the company, of which agreement Franklin alleged that the company had notice before it advanced the $645 to McDonald. The court, upon a variety of circumstances and conflicting testimony, found that the company had no notice of such an agreement nor of any right of Franklin to the proceeds of the loan, and while giving relief to the extent of directing a reconveyance from McDonald to Franklin, yet directed that it should be subject to the trust deed, and dismissed the bill as to the company and the trustee in the deed of trust. To reverse that decree the plaintiff in error prosecutes this writ.

"Without setting out at length the evidence, we hold that the conclusion upon it to which the Superior Court came as to notice to the company was warranted by the evidence, and therefore the decree is affirmed."

NEWMAN & NORTHRUP, for appellant:

A purchaser who has notice of such facts as would put a prudent man upon inquiry as to the exact circumstances of the case is bound to make such inquiry. *McLaurie* v. *Thomas*, 39 Ill. 291; *Doyle* v. *Teas*, 4 Scam. 202; *Rupert* v. *Mark*, 15 Ill. 540; *Morrison* v. *Kelly*, 22 id. 609; *Cox* v. *Milner*, 23 id. 422; *Hankinson* v. *Barbour*, 29 id. 80; *Hatch*

v. *Bigelow,* 39 id. 547; *White* v. *Kibby,* 42 id. 510; *Harper* v. *Ely,* 56 id. 179; *Henneberry* v. *Morse,* id. 394; *Babcock* v. *Lisk,* 57 id. 327; *Railroad Co.* v. *Kennedy,* 70 id. 350; *Shepardson* v. *Stevens,* 71 id. 646; *Russell* v. *Ranson,* 76 id. 167; *Watt* v. *Scofield,* id. 261; *Heaton* v. *Prather,* 84 id. 330; *Insurance Co.* v. *Ford,* 89 id. 252; *Bent* v. *Coleman,* id. 364; *Redden* v. *Miller,* 95 id. 336; *Parker* v. *Merritt,* 105 id. 293; *Crawford* v. *Railroad Co.* 112 id. 314; *Bank* v. *Dayton,* 116 id. 257; *Harris* v. *McIntyre,* 118 id. 275; *Stokes* v. *Riley,* 121 id. 166; *Clark* v. *Plumstead,* 11 Ill. App. 57; *Dayton* v. *Bank,* id. 501; *Griffin* v. *Haskins,* 22 id. 264; *McConnell* v. *Reed,* 4 Scam. 117; Wade on Notice, sec. 10, and cases cited; *Prins* v. *South Branch Lumber Co.* 20 Ill. App. 242.

The legal proposition which complainant must make out in the case at bar against the loan company is simply notice, and this is made out by showing the bare fact that Franklin's warranty deed was delivered to the loan company by Franklin's agents. *McLaurie* v. *Thomas,* 39 Ill. 291.

BATES & HARDING, for appellees:

Where one is induced by another to occupy a position he would not have occupied but for that other's acts and declarations, the latter will be estopped to deny the consequences thereof. *Burke* v. *Grant,* 116 Ill. 129; *Hill* v. *Blackwelder,* 113 id. 291; *Insurance Co.* v. *Slee,* 123 id. 84.

He who remains silent when duty requires him to speak, will not, in equity, be allowed to speak thereafter. *Reese* v. *Wallace,* 113 Ill. 595.

Mr. JUSTICE BAKER delivered the opinion of the court:

There was no error in the judgment of the Appellate Court affirming the decree of the Superior Court. The question whether the loan and investment company had notice of the written order signed by McDonald and addressed to it, directing it to pay to appellant the moneys due on the loan, and the further question whether appel-

lee had any notice otherwise that such moneys were so to be paid, were both controverted questions of fact at the hearing. The evidence of the witnesses upon these questions was conflicting and wholly irreconcilable. It was simply a matter of the credibility of witnesses and the weight of evidence. The record shows that when the cause was heard by the chancellor the witnesses were all examined orally in open court. Under such circumstances the chancellor has the same facilities for judging of their credibility that a jury has in a trial at law, and the error in finding as to a matter of fact, when the testimony is conflicting, must be clear and palpable to authorize a reversal. (*Coari* v. *Olsen,* 91 Ill. 273; *Johnson* v. *Johnson,* 125 id. 510; *Rackley* v. *Rackley,* 151 id. 332; *Ellis* v. *Ward,* 137 id. 509.) There was no such error here.

It seems to be supposed by counsel that the doctrine of the case of *McLaurie* v. *Thomas,* 39 Ill. 291, when applied to the case at bar, necessarily leads to the conclusion that the bare fact that the warranty deed from Franklin was delivered to the loan and investment company by the agents of Franklin, charges appellee with notice of the rights and equities of appellant under his contract with McDonald. The case named, which is so largely relied on by appellant, is an authority against him, and not an authority in his favor. There, Thomas, the first vendor, sold land to Barnes and gave to him a bond for a deed upon payment of $2000. Afterwards, at request of Barnes, Thomas conveyed parcels of the land directly to Lincoln, and to Leal and others, respectively, and thereafter McLaurie purchased from Barnes the remaining nine acres of the tract, taking either a bond for a conveyance or an assignment of the bond of Thomas. It was held that all of the purchasers were chargeable with notice of the lien of Thomas for purchase money, —Lincoln, Leal and others because, on their purchases from Barnes, they received their deeds from Thomas, the original vendor; and McLaurie because he took either an

assignment of the bond held by Barnes or his bond for a conveyance, either of which would be notice. But it was also held in the same case, that Thomas, by executing deeds to Lincoln, Leal and others, released his lien as to the portions conveyed to them, because he made deeds to said purchasers from Barnes without giving them notice of his lien, and thereby enabled Barnes to collect from them the full purchase price of the land. So, here, appellant, the first vendor, by delivering to appellee, at the request of McDonald, vendee of appellant and vendor and mortgagor of appellee, a warranty deed conveying the lots to said McDonald, together with the abstract of title and the insurance policy on the house standing on said lots, the latter with the words, "My interest in the within has ceased," and his signature endorsed thereon, enabled McDonald to obtain from appellee the money secured by the trust deed that he, McDonald, executed to Tuthill, as trustee. Of course, this is assuming the truth of the fact found by the decree, that appellee had no actual notice that the moneys raised by the trust deed were, by arrangement between appellant and McDonald, to be paid to appellant instead of McDonald. It is true, appellee had in its possession and had notice of the trust deed of McDonald to appellant to secure $300, and that it contained a clause to the effect that it was given to secure a part of the purchase money of the lots; but this fact is of no importance when it is considered that it was the understanding and intention of all parties that this trust deed for $300 should be postponed to the trust deed to appellee for borrowed money, and be recorded only as a second mortgage on the lots.

If appellee had no actual notice of the order given to appellant, or of the arrangement between appellant and McDonald that the former should receive the money borrowed from appellee, then the evidence afforded by the warranty deed and abstract of title, and the endorsement on the insurance policy, and the trust deed for $300,

obviated any occasion for further inquiry by appellee, and was amply sufficient to justify the payment of the money to McDonald.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*