# Alice Asbury Abbott v. George W. Stone and Francis B. Sherwood.

1. USURY—*Duplicate Promises.*—A principal note contained a promise to pay interest. Notes for the amount of the interest were also given, this fact being recited in the principal note. *Held,* that the form of the transaction did not render it usurious, only one payment being intended.

2. EVIDENCE—*Of the Payment of Taxes.*—The receipt of a county collector is competent evidence of the payment of taxes.

3. MORTGAGES—*Allowance of Solicitor's Fees Under Trust Deed.*— Attorney's fees may be allowed to the holder of notes secured by a trust deed providing for the payment of attorney's fees to the trustee in case of foreclosure, as it matters not to the grantor whether he pays to the trustee or the holder of the notes.

4. PROMISSORY NOTES—*Indorsements as Evidence of Title.*—Notes offered in evidence by the complainant in a foreclosure suit showed indorsements to a third person which the complainant testified were for collection only. *Held,* that this was sufficient as equity looks to substance and as the indorsements might have been canceled.

5. EQUITY PRACTICE—*As to Orders of Reference.*—A cause was referred to a master in chancery to take proof of the allegations of the bill. The defendant did not ask that the master be ordered to take proof of the averments of the answer, or make any objection to the form of the order, and he and his witnesses testified before the master. *Held,* that the defendant could not complain of the form of the order on appeal.

**Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed July 26, 1897.

EDWARD ROBY, attorney for appellant.

If the principal and lawful interest, or the principal alone is to be repaid at all events, no contingency in respect to the excess of interest, or to the entire interest, will be sufficient to remove the contract from the operation of the statute. A stipulation for even a chance of a profit beyond lawful interest is illegal. 27 Am. & E. Ency. of Law, 924; Roberts v. Trenayne, Cro. Jac. 507; Barnard v. Young, 17 Vesey, 44; White v. Wright, 3 B. & C. 273, 10 E. C. L. 76; Cleveland v. Loder, 7 Paige, 557; Browne v. Vredenburgh, 43 N. Y. (4 Hand) 195.

In this case the theory of the bill is that Stone as sole creditor filed the bill; and the decree does not acknowledge any trust, but requires sale by a master in chancery—the executive officer of the court.

The mortgage does not provide for any attorney's fee where the creditor forecloses. Fowler v. Eq. Trust Co., 141 U. S. 384, p. 407.

RICHARD B. TWISS, attorney for appellees.

The statutes of Illinois relating to revenue provide for levying taxes on real property in this State, and courts will take notice of a public law. Nimmo v. Jackman, 21 Ill. App. 607.

Notice will be taken of such things, as all persons of ordinary intelligence are presumed to know. Hamilton v. People, 113 Ill. 34; Chi., B. & Q. R. R. v. Warner, 108 Ill. 538.

A court will take judicial notice of the public officers of the county in which it sits, and in some cases their signatures. Walcott v. Gibbs, 97 Ill. 122; Dyer v. Flint 21 Ill. 80; Thompson v. Haskell, 21 Ill. 215; Brackett v. People, 115 Ill. 29.

An indorsement is in the power and control of the payee, and he may strike it out or not as he thinks proper, and the possession of the note by the payee is, unless the contrary appears, evidence that he is the *bona fide* holder of it. Parks v. Brown, 16 Ill. 454, and authorities there cited; Best v. Nokomis National Bank, 76 Ill. 608; Sweet v. Garwood, 88 Ill. 407; Richards v. Darst, 51 Ill. 140.

Mr. Justice Windes delivered the opinion of the Court.

This is an appeal from a decree of foreclosure of a trust deed given to secure a loan of $20,000. The bill was filed by the trustee and holder of the secured notes.

The principal note given by appellant was as follows:

"$20,000.00.            Chicago, Ills., July 14, 1892.

On August 15th, A. D. 1897, after date, for value received I, Alice, Asbury Abbott, promise to pay to the order of George W. Stone, of Chicago, the principal sum of twenty thousand (20,000) dollars, with interest thereon at the rate of six (6) per cent per annum from August 15, 1892, payable half yearly, to wit: On the fifteenth day of February and of August in each year, until said principal sum is fully paid. Both principal and interest are payable at Northern Trust Co.'s Bank, of Chicago.

The several installments of interest aforesaid, for said period, five years, are further evidenced by ten (10) interest notes, or coupons, of even date herewith.

The payment of this note is secured by trust deed of even date herewith, on real estate in city of Chicago, Cook county, Illinois.

Alice Asbury Abbott."

Ten interest notes representing the semi-annual interest for five years were also given by appellant, each of which bear interest at seven per cent per annum after maturity, and she now contends that the transaction was therefore usurious, not that usury has been demanded or was intended but that the form of the notes, principal and coupons, is such as to constitute usury.

We do not so understand the notes.

Four hundred dollars of the loan of $20,000 was paid to William L. Pierce & Co., and for this appellant gave the following receipt:

"John W. Ulm, 610 Chamber of Commerce Bldg., Chicago.

Received of Geo. W. Stone the sum of four hundred (400) dollars as part of the loan of twenty thousand (20,000) dollars—balance left in escrow with Jno. W. Ulm.

Alice Asbury Abbott."

This amount, the evidence shows, was paid to Pierce & Co. for commissions, and was entirely proper.

Appellant objects to the just allowance of $239.57, paid by appellee, Stone, for taxes upon the incumbered property, and for which appellee produced the receipt of the county collector, which was competent evidence of payment, but if not, a witness testified that he paid the taxes.

A solicitor's fee of $539.38 was properly allowed under the provision of the trust deed, which appellant states as follows:

"The provision is, that in case the trustee files a bill, and obtains a decree and sells the premises as trustee, or special commissioner, or otherwise, under order of court, he may, out of the proceeds of the sale, pay, first, the costs of suit; all cost of advertising, sale and conveyance, and reasonable fee or compensation as trustee; also (not to exceed) two and a half per cent on the amount of such principal, interest and costs, for attorney's and solicitor's fees, and all other expenses of this trust, including all moneys advanced for insurance, taxes and other liens and asessments, with interest thereon at seven per cent per annum; 'and then' to pay the principal of said notes and interest up to the time of such sale; (third) rendering the overplus, if any, unto the said party of the first part."

As to such provision, see Cheltenham Improvement Co. v. Whitehead, 128 Ill. 279, which is authority for allowing the solicitor's fee in this case.

It is claimed that two of the interest notes offered in evidence appear to have been indorsed by complainant, Stone, to the Northern Trust Co., and that it should have been made a party to the bill. The notes were produced on the hearing by Stone, who testified that the indorsements were for collection only. This was sufficient, as equity looks to substance. The indorsements might have been canceled on the hearing, and that they were not so canceled can make no difference.

The following order of reference was made:

"George W. Stone et al. v. Alice A. Abbott et al.    Bill.

Abbott v. Stone.

On motion of complainants' solicitor, it is ordered that this cause be and is hereby is referred to William Fenimore Cooper, Esq., one of the masters in chancery of this court, to take proof of all the material allegations in the said bill contained, and report the same to this court, with his opinion on the law and the evidence, with all convenient speed."

This order is said by appellant to have been a nullity, because appellant insists that under it proof of the allegations of the answer was not to be taken.

If appellant desired that there should be special directions to take proof of the averments in the answer, she could have asked for it. It is evident that in the order the word "bill" is used as synonomous with cause or pleadings.

Appellant, with her witnesses, appeared and testified before the master.

Afterward the following order was made:

" This cause coming on to be heard upon the objections and motions and exceptions to the denial or overruling of such objections and motions, saved by said defendant, Alice A. Abbott, during the taking of testimony before the master in chancery, according to the provisions of the rule of this court, it is ordered by this court that the master make his report upon the evidence taken, and that all the said motions and exceptions be saved, to be considered by the court upon the hearing of the case, and the report of the master."

The master made a report, to which appellant filed objections, and these being overruled, they were refiled as exceptions, but appellant did not ask for a further reference or for the taking of additional testimony, or for another report.

The testimony and evidence were reported to the court, appellant not asking leave to add anything thereto.

The action of the trustee shows that he accepted the trust, and that the trust deed was and is a valid incumbrance.

The decree of the Circuit Court is affirmed.