## James T. Young v. Julia A. Austin.

1. PRIORITY—*Of Liens by Recitals in Trust Deeds.*—The fact that a trust deed contains a recital that it is given to secure the payment of purchase money, and the fact that another party, holding a junior mortgage, but first recorded, knew such lien existed, will not of itself give it priority over a mortgage which is first in order of lien and so intended to be.

2. VENDOR'S LIENS—*Defined—May Be Waived.*—A vendor's lien is a contract that the land sold shall be burdened with the lien until the purchase price is paid. But the vendor may, by his acts or declarations, waive his lien, and will do so by inducing another to deal with the property as unincumbered.

Foreclosure.—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 21, 1902.

YOUNG, MAKEEL, BRADLEY & FRANK, attorneys for appellant.

H. H. TALCOTT, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is an appeal from a decree of foreclosure entered upon a bill to foreclose a trust deed, dated and acknowledged December 19, 1896, and recorded December 29, 1896, to secure $900 held by appellee, Austin. Appellant, Young, was made a party defendant, and his answer disclosed that he was the holder of another trust deed, dated December 17, 1896, and acknowledged and recorded January 5, 1897, to secure $600.

The master to whom the cause was referred took testimony, and reported finding the amounts due in each trust deed, and that appellee, Austin, was entitled to a first lien, and that appellant, Young, was entitled to a second lien. The court confirmed the master's report and decreed accordingly. The defense principally relied on is that Young's trust deed was given to secure part of the purchase money, as recited in his trust deed, and that Austin had notice of the fact.

The contention of Austin is that it was understood and agreed between the parties that her trust deed should be a first lien, in addition to the fact that her trust deed was recorded first.

It is not contended by Austin that a vendor's lien may not be preserved, and appellant cites the following authorities that it may be:

1 Jones on Mortgages (4th Ed.), Sec. 464, 572; Boone on Mortgages, Sec. 741; Am. & Eng. Ency. of Law, 575, and cases cited; Curtis v. Root, 20 Ill. 518; Elder v. Derby, 98 Ill. 228; Roane v. Baker, 120 Ill. 308; Interstate B. & L. Assn. v. Ayers, 177 Ill. 9.

But the fact, as recited in the Young trust deed, that it is given to secure the purchase money, and that appellee, Austin, knew the claim therefor existed, will not, of itself, give priority over her mortgage; that was in fact first in order of lien, and so intended to be. Franklin v. McDonald, 163 Ill. 139; McLaurie v. Thomas, 39 Ill. 291.

A vendor's lien is a contract that the land shall be burdened with the lien until the purchase price is paid. But the vendor may, by his acts or declarations, waive it, as, for instance, by inducing another to deal with the property as unincumbered. 1 Jones on Mortgages (2d Ed.), Sec. 232.

It appears in evidence that some eight or ten years prior to the making of either of the trust deeds, the appellant, Young, owned the property and sold it to one Densmore for $400. The purchase price was not paid, but on the contrary, Young consented that Densmore might borrow of a loan and building association the sum of $900, with which to improve the property, giving to the association a first mortgage, and he, Young, taking a second mortgage for the purchase price.

These mortgages were made, and the property stood in that condition, when Densmore sold it to Baumstark, who assumed both mortgages. The loan association mortgage subsequently fell due, and Baumstark made application through one Hillstrom, his agent, to the attorney of appellee, Austin, for a loan with which to pay it off. At the time of making the application, Austin's attorney told

Hillstrom that Young's second mortgage would have to be released, so that Austin could have a first lien, and Hillstrom assented that it should be done.

And subsequently, and before Austin made the loan to Baumstark, Young's second mortgage was released, Hillstrom bringing the release to Talcott, the attorney for Austin. Hillstrom also testified that it was understood that Miss Austin should have a first mortgage; that Young's new mortgage (the one in question) should be second, and paid off in installments; and Talcott, Miss Austin's attorney, so understood the matter.

Aside from the improbability that Miss Austin or her attorney would make a second loan on property in which she was in no way involved, and which is conceded not to be worth the amount of the two mortgages, we are unable to discover any good reason for Young releasing his mortgage, except to let appellees' mortgage in ahead of it. True, Young states his reasons, but we agree with the master, they are insufficient.

It is next insisted that the decree is erroneous in regard to the allowance of the master's fee. This does not appear to have been the subject of an objection before the master, or of exception before the court below, and can not be raised in this court for the first time.

In regard to the allowance of $150 for a solicitor's fee, the trust deed itself stipulates that sum, and one witness for appellee testifies it is reasonable. We do not discover any evidence on the part of appellant attacking the reasonableness of such fee, and although we think it is very large, we are not prepared to support our view of it by reference to any evidence, and we can not say it is so large as to be excessive, of and in itself. Heffron v. Gage, 149 Ill. 182; Cheltenham Imp. Co. v. Whitehead, 128 Ill. 279.

The objection that the solicitor's fee should not be allowed unless there be a sale, is met by the provision of the decree that it be paid out of the proceeds of the sale ordered to be made.

The decree should be affirmed, and it is so ordered. Affirmed.