# Frank B. Buszin and Simon R. Flynn, Appellees, v. Wojciech Martinowicz et al., on appeal of Nellie Carlin, Guardian, Appellant.

## Gen. No. 17,982.

1. MORTGAGES—*allowance for abstract of title.* In foreclosing a trust deed it is error to allow for money paid for continuation of abstract of title when not provided for in the trust deed.

2. MORTGAGES—*insurance.* In foreclosing a trust deed it is error to allow for insurance premiums where there is no competent evidence of such expense.

3. MORTGAGES—*solicitor's fees.* In foreclosure it is error to allow as solicitor's fees five per cent. of the amount found due, including insurance and taxes, when the trust deed provided for five per cent. of the principal, interest and costs.

4. MORTGAGES—*failure of guardian ad litem to object to improper expense.* In foreclosure of a trust deed the failure of the guardian *ad litem* to object to the allowance of improper items can not prejudice the rights of the minor.

5. MORTGAGES—*when homestead is waived.* Where a bachelor gives a trust deed to certain property with a release and waiver of the right of homestead, and conveys the property subject to the lien to a third party, and after his marriage it is reconveyed to him and his wife as tenants in common, and the wife dies leaving a son by a former marriage and her husband as the only heirs, the complainant in foreclosure is entitled to a decree for sale of the premises free and clear of any homestead right.

6. MORTGAGES—*respective interests of defendants in foreclosure.* Where defendants to a foreclosure suit desire to have their respective interests in the surplus declared and set forth in the decree, it is their duty to produce competent evidence upon which the master and the court may make a finding with reference thereto.

7. MORTGAGES—*where decree in foreclosure is erroneous.* Where a decree, after the usual provisions for redemption, contains a further clause that all of said defendants other than a certain one "be and they are hereby foreclosed and barred forever from claiming any right to or interest in the said premises," it is erroneous.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed April 3, 1913.

Mary E. Miller, for appellant.

Frank C. Rathje and Edwin C. Crawford, for appellees.

Mr. Justice Fitch delivered the opinion of the court.

This is an appeal from a decree entered in a foreclosure suit. The errors assigned, so far as they have been discussed in the briefs of counsel, are substantially as follows: that the court erred (1) in the allowance of $48.75 for insurance premiums, $17.10 for continuation of abstract, interest on those amounts, and $84.57 for complainants' solicitor's fees; and in failing to allow more to the solicitor for the guardian *ad litem*; (2) in failing to find and declare the respective interests of the defendants; (3) in failing to find that the interest of the principal debtor in the mortgaged premises must first be sold; and (4) in entering a decree providing that after the sale all of the defendants, other than the principal debtor, be barred from exercising any right of redemption.

The trust deed, which is the basis of this suit, provided, by one clause thereof, that out of any sale of the mortgaged premises upon foreclosure, shall be paid the costs of suit, all costs of advertising, sale and conveyance, all expenses of the trust, including all moneys advanced for insurance, taxes and other liens or assessments, with interest at seven per cent., the principal of the notes secured thereby, with interest up to the time of the sale, and five per cent. of the amount of such principal, interest and costs for solicitor's fees, and that the over-plus, if any, shall be paid to the grantor, or his legal representatives or assigns. By a subsequent clause it is provided that in case of the failure or neglect of the grantor to keep the premises insured or pay taxes, the holder of the notes may procure such insurance or pay such taxes and all moneys thus paid, with interest at seven per cent., shall become so much additional indebtedness secured

by the deed of trust, and be paid out of the proceeds of the sale of the mortgaged premises, if not otherwise paid by the grantor. Under these provisions it is obvious that upon a proper showing, all sums expended for insurance premiums, taxes and court costs, were properly chargeable against the mortgaged premises. We are unable to find any competent evidence, however, to the effect that anything was in fact paid for insurance. Hence the item of $48.75, allowed by the decree for insurance, was erroneous. The items also of $17.10 for money paid out for continuation of abstract of title, and $1.58 for interest on that amount, were erroneously allowed because they were not provided for by the trust deed. Cheltenham Improvement Co. v. Whitehead, 128 Ill. 279. The court allowed to the complainants' solicitor a fee of five per cent. upon the amount found to be due, including the above items, as well as the amounts paid out for taxes. The amount of solicitor's fees should have been computed according to the terms of the trust deed, viz: five per cent. of the amount of principal, interest and costs. The amount of costs does not appear; the total amount found due for principal and interest is $1545.28, five per cent. of which is $77.26, and that amount should have been allowed instead of $84.57, as allowed by the decree. While it is true that the allowance of these items was not specifically objected to in the court below by the guardian *ad litem,* the minor's interests cannot be prejudiced by a failure on the part of the guardian to make such objection.

We cannot agree with appellant's counsel that the court erred in failing to find the respective interests of the defendants in the mortgaged premises, or to find that the minor had a homestead right in the premises, or to find that the interest of the principal debtor should be first sold. It appears from the evidence that the trust deed in question was given by Wojciech Martinowicz when he was a bachelor; that he subse-

quently married, and that just prior to his marriage he conveyed the premises, subject to the lien of the trust deed, to a third party, who, after the marriage, conveyed the premises, subject to the lien, to Martinowicz and his wife, as tenants in common. The minor is a son of that wife by a former marriage. She died prior to the beginning of the foreclosure suit, leaving her son, the minor in question, and her husband, Martinowicz, her only heirs at law and next of kin. The trust deed contains a specific release and waiver of the right of homestead, over the signature of Martinowicz, in these words: "In consideration of the money paid, as aforesaid, to the party of the first part, (Martinowicz) and in order to create a first lien and incumbrance on said premises under this deed, for the purposes aforesaid, and to carry out the foregoing specific application of the proceeds of any sale that may be made by virtue hereof, the said party of the first part do  *  *  *  hereby release and waive all right under and benefit of the exemption and homestead laws of the state of Illinois, in and to the lands and premises aforesaid, and the proceeds of sale thereof, and agree to surrender of possession thereof to the said party of the second part, peaceably on demand, upon default in the payment of said note or any part thereof, or the breach of any of the covenants herein contained, to be kept by him or his heirs, executors, administrators or assigns." In the certificate of acknowledgment, the notary public certifies that Martinowicz, a bachelor, acknowledged that he "signed, sealed and delivered the said instrument as his free and voluntary act for the uses and purposes therein set forth, including the release and waiver of the right of homestead." By these provisions, the homestead right in the whole premises was released and waived as against the holder of the incumbrance, and all rights of the wife of Martinowicz and her minor child were acquired and held subject to these

provisions of the trust deed. The complainant was entitled to a decree for the sale of the whole premises, free and clear of any homestead right, for the purpose of satisfying and discharging his lien, and the only interest of the defendants was an interest in any surplus there might be in the proceeds of the sale, after the payment of the indebtedness secured by the trust deed, with interest, costs and solicitor's fees. Hence, if the minor or his guardian (who was a party to the suit, as well as the guardian *ad litem*) desired to have the respective interests of the defendants in such surplus declared and set forth in the decree, it was their duty to produce competent evidence upon which the master and the court could make a finding with reference thereto. This the guardian failed to do, and cannot, therefore, now complain that no such findings were made. Moreover, if there should be any such surplus, the chancellor has full jurisdiction to protect the minor's rights therein and thereto, at the time the master shall hereafter make his report of sale.

The court allowed $50 to the guardian *ad litem* for the services of her solicitor, in addition to a small amount for the personal services of the guardian *ad litem*, and this allowance is claimed to be too small. The solicitor for the guardian *ad litem* presented a bill for services amounting to $185, but the statement of services rendered shows that a large part of the work performed by the solicitor was unnecessary, so far as this case is concerned. We see no error in the allowance that was made by the chancellor.

There is one clause of the decree which appellees' counsel do not explain, and which we are at a loss to understand. After the usual provisions to the effect that the defendant or his heirs, representatives or grantees may redeem within twelve months from the date of sale, and that all judgment creditors may likewise redeem within fifteen months, and that in case there shall be no such redemption a master's deed shall be issued, there is a further clause which reads

as follows: "And the court further orders and decrees that on and after such sale of said premises above ordered, all of said defendants, other than said Wojciech Martinowicz, be and they are hereby foreclosed and barred forever from claiming any right to or interest in the said premises." If by this clause it was intended to prevent any defendant, other than Martinowicz, from exercising his or her statutory right of redemption, the decree is clearly erroneous in that respect; and as we are unable to gather any other or different meaning from that clause, the decree must be reversed for that reason.

For the errors indicated, the decree of the Superior Court will be reversed and remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*