Roach *et al. v.* Chapin.

below. Whereupon the court rendered judgment against the defendants below, for eight hundred dollars and costs, to which the said defendants then and there excepted.

Error assigned: the court erred in rendering judgment against the defendants below, upon the evidence in the cause.

N. W. Tupper, and A. B. Bunn, for Plaintiffs in Error.

J. P. Boyd, for Defendants in Error.

---

Lewis Roach, and Leroy F. Staples, Plaintiffs in Error, *v.* Leonidas Chapin, Defendant in Error.

ERROR TO COLES.

A petition for a mechanics' lien is not obnoxious to a demurrer, because it avers that material was furnished to two persons, to erect a building on the land of one.

The rendition of a decree on the overruling of a demurrer to a bill, without first ruling the defendant to answer, is not error. The rendition of a decree upon a bill taken as confessed, is matter of discretion.

The act of February, 1861, provides that the former act in relation to mechanics' liens shall be held to include implied as well as express contracts, under which labor or material is furnished; provided they are done or furnished within one year from the commencement of the furnishing; and if these are done after the passage of the latter act, a petition need not aver that there was a time within which the materials were to be furnished.

LEONIDAS CHAPIN, complainant below, filed his bill to enforce a mechanics' lien against Lewis Roach and Leroy F. Staples, setting forth, that on the 20th day of March, A. D. 1861, and at sundry other times, as shown by a bill of particulars filed therewith as an exhibit, he furnished said Roach and Staples, at their special instance and request, lumber for erecting a building on lots 10, 11 and 12, in block 76, in Noyes' Addition to the town of Mattoon, with an implied understanding between the parties that Chapin should have a lien on said premises for his payment for the materials furnished in such manner as the statute provides, in case Roach and Staples should otherwise fail to make payment for said materials upon the delivery thereof, and upon request made for the payment thereof; that the last of said materials were delivered on the 1st of May, 1861, and that payment for the whole of said materials thereupon became due, from the nature of the contract and understanding between the parties; that said Chapin had many times requested and demanded payment for said materials, and that said Roach and Staples had neglected and refused to pay, etc.; that complainant believes that the fee simple to said premises was vested in Roach, and that he had no certain security for the payment of the amount due him for said materials, $96.65, and interest thereon, since May 1st, 1861, except by the enforcement of a specific lien on said premises in such manner as the statute provides; concluding with a prayer that the court decree and order the enforcement of said Chapin's lien against said premises; and that said Roach and Staples be summoned to answer without oath, and that the court decree a peremptory sale without redemption of said premises at an early day, to satisfy the claim of Chapin for $96.65, and the interest thereon, together with costs, etc.

Then follows in the record the bill of particulars referred to as an exhibit in the bill of complaint, being an account of lumber delivered from March 20th to May 1st inclusive, and credits, and showing a balance due of $96.65.

At the October term, 1861, Roach filed his demurrer to complainant's bill.

At the same term, the court entered a decree overruling the demurrer of Roach, and reciting that Staples appeared and confessed the allegations of the bill to be true, etc.; that the said Roach appeared, but confessed nothing; and that on hearing the testimony of witnesses, it appeared to the satisfaction of the court that Chapin did furnish lumber and materials to said Staples and Roach, for the purpose of erecting a house upon lots described in the bill, and that they were

used for that purpose, and that there was a balance due on said lumber of $96.65, and that Roach was the owner in fee of said lots, whereon said building was erected, and it decreed that Roach and Staples should pay said sum, with interest and costs of suit, within ninety days from the rendition of the decree, in default of which, a special commission, appointed to execute said decree, should, after giving four weeks' notice of time and place, sell to the highest and best bidder the said lots, and execute a deed to the purchaser, etc.; that if the proceeds of the sale of said lots should not be sufficient to satisfy debt, interest and costs, complainant should have execution for the balance.

The following errors are assigned :

The overruling of the demurrer of Roach.

The rendering of a decree against plaintiffs in error.

The rendering of a decree without the answer of defendant, Staples, being filed.

The decree for a sale of all the premises set forth in the petition without first finding that a part of the premises could be separated from the residue and sold without damage to the whole, and the value thereof was not sufficient to satisfy the amount due.

The rendering the decree upon the facts found to be true in said decree.

F. A. ALLISON, and SHERIDAN P. READ, for Plaintiffs in Error.

M. C. McLAIN, for Defendant in Error.

WALKER, J. This was a petition, filed to enforce a lien for materials furnished for the erection of a building. One of the defendants filed a demurrer, which was overruled and no answer filed. The other defendant came into court and confessed the truth of the bill. The court thereupon heard evidence, and rendered a decree, finding the existence of the lien as alleged, and that the sum due was $96.65, which was ordered to be paid in ninety days, and in case of default, the property described in the petition was ordered to be sold, after giving four weeks' notice of the time and place of sale.

It is insisted that the court erred in overruling the demurrer, because the petition alleges, that materials were furnished to two defendants, with which to erect a building on the land of one of them. In the case of *Van Court* v. *Bushnell*, 21 Ill. 624, this question was presented to, discussed and determined by this court. In that case it was held, that the fact that only

one of the defendants owned the land, in no wise defeated the right to enforce the lien. That case is decisive of this question.

It is also urged, that the court erred in rendering a decree against Roach upon overruling his demurrer, without first ruling him to answer the petition. In the case of *Miller* v. *Davidson*, 3 Gilm. 518, it was said, that the correct practice in chancery causes, upon overruling a demurrer to the bill, is not to render a decree; but the order should be, that the defendant answer the bill, and if he neglect to do so, the bill may be taken as confessed. But the court, in that case, seems to have refrained from reversing upon that ground. It is further said in that case, that the chancellor may, in his discretion, render a decree at once upon a bill taken as confessed, on the overruling of the demurrer to the bill. The question whether the defendant in error should have been ruled to answer, being one of discretion, it will not be reviewed in this court.

We now come to the question mainly relied upon for a reversal. It is, that the petition contains no allegation, that there was any time specified, within which the materials were to be furnished. This, under the act of 1845, would have been a fatal objection on demurrer. But the General Assembly, by the act of the 18th of February, 1861, (Sess. Laws, 179,) provides that the former act shall be held to include implied as well as express contracts, under which labor is performed, or materials furnished, where no price is agreed upon, or no time is expressly fixed for payment, or for the furnishing of such labor or materials, provided the work is done or the materials furnished within one year from the commencement of the furnishing such materials. These materials are alleged to have been furnished after the passage of this act, and the case falls fully within its provisions. This, therefore, presented no ground for sustaining the demurrer.

We are also asked to reverse the decree, because it ordered that all three of the lots described in the petition should be sold, to produce the money. This objection is not well taken, as the decree does not make such an order. It orders, that all or "so much of the lots as may be necessary to satisfy said debt and costs" should be sold. Under this decree the master would have no power to sell any more, if it was susceptible of division, than would be sufficient to satisfy the decree.

The decree of the court below is affirmed.

*Decree affirmed.*