Iglehart v. Miller.

---

REBECCA A. IGLEHART AND ELLEN P. VAIL, IM-
PLEADED, ETC.,

V.

JOSEPH J. MILLER.

*Trust Deeds—Foreclosure—Attorney's Fees—Practice.*

1. It is entirely in the discretion of the court whether a defendant will be ruled to answer after a demurrer overruled. The court may enter a decree against him at once, or hear evidence, or refer to the master to take evidence before entering the decree.

2. In the case presented, this court holds that the fact that the court did not enter a default against a person named is not an error of which she can complain, and that the allowing or ruling her to answer, or the filing by her of an answer, did not operate to vacate the reference to the master or his report, or the evidence previously taken by him.

3. In proceedings to foreclose certain trust deeds, this court holds the decree entered to be too large by the amount of the cost of an abstract, and reverses the same.

[Opinion filed November 2, 1891.]

IN ERROR to the Superior Court of Cook County; the Hon. GWYNN GARNETT, Judge, presiding.

Mr. JAMES W. BEACH, for plaintiffs in error.

Mr. S. S. WILLARD, for defendant in error.

MORAN, J. This suit was brought to foreclose two trust deeds made to secure the sum of $300, alleged to have been loaned to one Mary E. Vail, one of said trust deeds having been made by said Mary E. Vail and the other having been made by plaintiff in error, Rebecca A. Iglehart, to secure the same indebtedness. The bill, as originally filed in 1884, made Willard the trustee in the two trust deeds, Rebecca A. Iglehart and Thomas N. Iglehart, parties defendant, and alleges that said Mary E. Vail conveyed all her title in the premises to said Rebecca A. Iglehart about 1877, and soon thereafter died intestate, and complainant waives and releases all right to a decree against her personal representatives, and prays that said Rebecca be decreed to pay to complainant whatever shall appear to be due on taking an account. In January, 1886, the bill was amended by making Ellen P. Vail a party defendant, and by alleging that she held the legal title to the premises sought to be foreclosed, as appears of record, but that said Ellen P. Vail intended to convey the premises to Mary E. Vail, and stated to complainant that she had done so, and that complainant was induced to accept said premises as security for said debt on the assurance of said Ellen P. that the title thereto was good in said Mary E. Vail; prays that she be decreed to convey said premises to said defendant, Rebecca A. Iglehart.

Said Ellen P. Vail appeared and demurred to said amended bill, and on May 24, 1889, said demurrer was overruled by the courts, and the defendants Iglehart were ruled to answer the amended bill within twenty days. It was stipulated that the answers of the Igleharts to the original bill should stand

to the amended bill, and on June 22, 1889, the case was referred to a master to take proof and report his conclusions, etc., and on June 4, 1887, the master reported the evidence taken before him and his conclusions thereon, to the court, finding the making of the note of Mary E. Vail and the trust deed by her to secure the same, her conveyance of the premises covered by the trust deed to Rebecca A. Iglehart, the making of a trust deed by said Rebecca A. to secure the same note Mary E. Vail, and that there is due complainant on said note of and for interest and for taxes paid on said lands, including $80 for solicitor's fees in this foreclosure proceeding and $25 expended in procuring an abstract, the sum of $740.46, for which amount a decree is recommended.    The master also finds that said Ellen P. Vail had made a certain conveyance to said Mary E. Vail in her lifetime, intending therefor to convey the premises described in the trust deed to complainant, and that she did thereby vest the title to said premises in said Mary E. Vail.

To the master's report said Ellen P. Vail filed two exceptions.    One that said cause was not and is not at issue, and one that the master should have found for this defendant and against complainant, and said bill should be dismissed as to this defendant.    A third exception adopts the exceptions of the Igleharts.    Several orders were made in said cause after the filing of said exceptions to the master's report and prior to December 5, 1887, which it is not necessary at this time to notice.    On December 5, 1887, it was ordered that said Ellen P. Vail plead, answer, or demur within two days, and further, that the master's report be confirmed *nunc pro tunc* as of June 27, 1887.    On December 19, 1887, said Ellen P. Vail answered, denying the allegations of the bill.    On December 9, 1888, said Ellen P. Vail moved the court to have the cause re-referred to the master, which motion was denied, and thereupon she moved to have the cause placed upon the trial calendar, which motion was also overruled and thereupon a decree was entered confirming the master's report in all respects and decreeing in accordance with its recommendations.

One of the errors assigned and principally relied upon is,

that when the master took the depositions on the reference to him, the case was not at issue as to Ellen P. Vail, and therefore that she never had a hearing in the case, as the court refused to re-refer the case after she had answered.

This contention is based upon a misapprehension of the rule of chancery practice. It is entirely in the discretion of the court whether a defendant will be ruled to answer after a demurrer overruled.

The court may enter a decree against him at once and of course hear evidence, or refer to the master to take evidence before entering the decree. Roach v. Chapin, 27 Ill. 194; Wangelin et al. v. Goe, 50 Ill. 459; Miller et al. v. Davidson, 3 Gilm. 518.

The fact that the court did not enter a default against said defendant is not an error of which she can complain, nor did allowing or ruling said defendant to answer, or the filing of an answer by her operate to vacate the reference to the master, or his report, or the evidence previously taken by him. Grob v. Cushman, 45 Ill. 119.

Said defendant Ellen P. Vail, filed her exceptions to the master's report and raised by those exceptions such questions thereon as she saw fit, and her exceptions were considered and overruled by the court. There is nothing to show that when she made her motions to re-refer the case she disclosed to the court that she desired to offer any evidence before the master. She was simply asserting that the former reference did not affect her. In this we have seen she was mistaken. No exception filed by her, questions the finding of the master that she deeded the land in question to Mary E. Vail, therefore it must be presumed, on this review, that said finding is supported by the evidence.

There is no merit in the errors assigned, on overruling the exceptions of said defendant Ellen P. Vail. We think, however, that the decree is for too large an amount and that the exceptions of Rebecca A. Iglehart to said master's report raise that question.

We find no clause in either of the trust deeds which, by any reasonable construction, gives the right to the complainant to

charge and collect against the defendants the cost of an abstract of title. In the absence of such clause such an allowance is improper. The Cheltenham Improvement Co. v. Whitehead, 128 Ill. 279.

Each of the trust deeds provides for the allowance of an attorney's fee of $40 if the said deed is foreclosed. There is then no question as to the power of the court to make the allowance, whether the foreclosure is by sale under the power, or by judicial proceedings.

It is said that as both deeds were to secure the same note, but one $40 should have been allowed. Both deeds had to be foreclosed, and that imposed extra labor on the solicitor, and in view of all the circumstances, we are of opinion that the allowance of the $80, the sum authorized by both deeds, was warranted and not unjust.

The decree is too large by the amount of $25, the cost of abstract, and must therefore be reversed and the case remanded to the court below, with directions to enter a decree for the amount of the note, with interest thereon till the date of such decree and the amount paid out for taxes with interest thereon from the time of payment to the date of such decree, and for the $80 solicitor's fees.

*Reversed and remanded.*