## John Senft v. Jakub Vanek.

1. SUBROGATION—*To What Relations it is Confined.*—The doctrine of subrogation is confined to the relation of principal and surety, and to guarantors, or to cases where a person, to protect his own junior lien, is compelled to remove one which is superior, and to cases of insurers paying losses.

2. CONTRIBUTION—*Does Not Apply Where Two Persons Purchase Separate Parcels of Land Covered by a Common Incumbrance.*—The doctrine of contribution does not apply to the case where two parties purchase at a judicial sale two separate parcels of land subject to a common mortgage, and upon foreclosure of such mortgage, the lot of one of the parties is put up for sale and sold to the other party to satisfy such mortgage.

**Bill for an Accounting,** and other relief. Appeal from the Superior Court of Cook County; the Hon. ALONZO K. VICKERS, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed October 15, 1903.

CHARLES VESELY and A. MORRIS JOHNSON, attorneys for appellant.

When separate parcels of land are sold at the same time, and such parcels are subject to a mortgage which is a common incumbrance upon all, the purchasers of said parcels

stand on a level, and neither is entitled to a preference over the other. They must pay the mortgage in proportion to the value of their respective lots. Carpenter v. Koons, 20 Pa. St. 222; Brown v. Simons, 44 N. H. 478; Vol. 14 Am. &;Eng. Enc. Law (1st Ed.), 709, and notes.

If the parcel of one purchaser be taken or sold to satisfy the common lien, then the remaining parcels are bound to contribute toward the payment of the common lien, according to their value. Vol. 7 Am. & Eng. Enc. Law (2d Ed.), 326; Gearhart v. Jordan, 11 Pa. St. 325; Huber v. Hess, 191 Ill. 305; McLaughlin v. Curts, 27 Wis. 644; Titsworth v. Stout, 49 Ill. 78; Vogle v. Brown, 120 Ill. 338.

MANCHA BRUGGEMEYER, attorney for appellee.

The principles of subrogation have no application to the case at bar. Bishop v. O'Conner, 69 Ill.ⁿ 431; Suppiger v. Garrels, 20 Ill. App. 629; Beaver v. Slanker, 94 Ill. 175; Borders v. Hodges, 154 Ill. 507; Kinnah v. Kinnah, 184 Ill. 288; Fuller v. Davis, 184 Ill. 513.

None of the principles of contribution as applied to co-sureties, principal and surety, co-insurers, partners, co-owners or tenants in common, joint tenants, heirs, devisees or legatees have any application to the case at bar, for the reason that none of said relations existed between Senft and Vanek.

MR. JUSTICE BALL delivered the opinion of the court.

January 10, 1893, Anthony Kozel owned lot 2 and all of lot 1 except the east 21 5-12 feet thereof, in a certain subdivision situate in the city of Chicago. On that day he and his wife by trust deed conveyed said premises to Moses E. Greenebaum to secure the payment of their note for the sum of $4,500. April 5, 1893, Kozel and his wife deeded these premises to Marie Kucaba. The next day she and her husband by three trust deeds conveyed the same property to said Kozel, each securing the payment of a separate note made by them to him, aggregating the sum of $2,800. Afterward the three last mentioned trust deeds were foreclosed, and pursuant to decree the master on June 13, 1898,

sold said lot 2 to appellee. Vanek, and lot 1, except the east 21 5-12 feet thereof, to Charles Vesely, who assigned his certificate to appellant, Senft. Upon the expiration of the equity of redemption the master deeded said lot 2 to appellee, and lot 1, except the east 21 5-12 feet thereof, to appellant. Each lot was still subject to the Greenebaum trust deed.

In May, 1900, Greenebaum filed a bill to foreclose his trust deed. Under a decree of sale entered in that cause on August 16, 1900, the master offered said premises for sale, and appellee became the purchaser of lot 1, except the east 21 5-12 feet thereof, for $6,178.56, that sum being the amount of the decree with interest and costs. The report of sale was duly approved by the court.

The effect of these proceedings was to release said lot 2 from the Greenebaum incumbrance, and to compel appellant to pay the whole of that incumbrance if he redeemed lot 1, except the east 21 5-12 feet thereof, from such sale. The fractional part of lot 1 owned by appellant is alleged to be worth $400 only, while lot 2 is valued at $10,000.

Appellant filed a bill, which, as finally amended, set up the foregoing facts in great detail, and prayed (among other things) that the purchase by appellee of the fractional part of said lot 1 be decreed to be a payment of the lien upon all of such real estate, and that upon the payment by appellant to appellee of the proportion of such purchase price which equitably rested upon appellant's fractional portion of said lot 1, the same be released from the effect of such purchase. The bill also contains the general prayer for relief.

A general demurrer was filed and sustained, and the bill was dismissed for want of equity. From this order the pending appeal was perfected.

It appears from the foregoing statement that the parties here contending became purchasers of their respective lots at the same judicial sale, and therefore stood on a level, neither having a preference over the other. Each owned his lot in severalty. Each took title subject to the payment of the Greenebaum incumbrance. Neither of them at any

time became personally liable to pay that debt. Although they owned adjoining lots, subject to a common incumbrance, so far as concerned the matters involved in this suit, they were strangers, neither owing the other any duty in the premises, for no privity of estate or of contract existed; nor was there any relation of trust or of confidence between them. Each was bound to see that the mortgage debt was satisfied under penalty of losing his lot at the judicial sale. The master followed the proper practice in offering the lots separately. That he first put up the fractional part of lot 1, is not a cause for complaint. When that lot sold for the entire debt, it became the duty of the master to stop the sale and to report his proceedings to the court. Upon the confirmation of the sale lot 2 was released by the extinguishment of the indebtedness, and the sole right remaining in appellant, if he wished to retain his lot, was to redeem from such sale in the manner provided by the statute. This he did not do. Had an entire stranger to these proceedings bid the mortgage debt for either of these lots at such sale, thus freeing the other lot from the mortgage lien, nothing would remain in the owner of the lot so sold other than the right to redeem. If he failed to make redemption, he would have no remedy against the owner of the other lot for contribution or by way of subrogation, which right is confined to the relation of principal and surety, and to guarantors, or to cases where a person, to protect his own junior lien, is compelled to remove one which is superior, or to cases of insurers paying losses. Bishop v. O'Conner, 69 Ill. 437. At such judicial sale appellant and appellee stood at arms' length. By a purchase thereat, either would acquire the same rights in the property purchased as would a stranger, and by such purchase neither incurred any other liability than would a stranger.

The facts of this case make it one of hardship for appellant, but there is no element of fraud, accident or mistake in it, nor was there any violation of confidence, nor any privity by contract or of estate between the parties; and therefore equity is powerless to relieve appellant.

The decree of the Superior Court is affirmed.