## Jakub Vanek v. John Senft.

### Gen. No. 12,216.

1. FINAL DECREE—*when entry of, proper upon overruling demurrer*. When certain defendants to a cause have demurred to a bill and such demurrer has been sustained and the cause with respect to the other defendants subsequently goes to proof upon the allegations of such bill, a final decree against such demurring defendants is proper where the Supreme Court sustains the findings of fact and reverses the action of the court in sustaining such demurrer and remands the cause with direction to proceed in accordance with the views expressed.

Bill for accounting, etc. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed February 20, 1906.

MANCHA BRUGGEMEYER, for appellant.

CHARLES VESELY, for appellee; ZEISLER, FARSON & FRIEDMAN, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This case was before the other branch of this court at the October term, 1902, upon the appeal of the complainant in the bill and the decree of the Superior Court was affirmed. Senft v. Vanek, 110 Ill. App., 117. The appellant prosecuted a farther appeal to the Supreme Court, where the judgment of this Court and the decree of the Superior Court were reversed and the cause remanded to the Superior Court, with directions to proceed in accordance with the views expressed in the opinion filed in the cause. Senft v. Vanek,

209 Ill., 361.  Certified copies of the order of the Supreme
Court remanding the cause and of the opinion of that court
were then filed in the Superior Court, and October 26, 1904,
that court rendered a final decree for the complainant and
from that decree the present appeal is prosecuted by the de-
fendant Jakub Vanek.

The decree appealed from recites that the solicitors for the
complainant moved the court to enter a final decree in said
cause in conformity with the remanding order and opinion
of the Supreme Court of the State of Illinois on file herein,
and proceeds as follows: " And it appearing to the court from
the inspection of said remanding order and opinion that all
the facts of this cause have been finally and definitely deter-
mined by this court, and that such findings of fact have been
affirmed by the Supreme Court, and that the order and decree
of this court entered herein on the 28th day of October, 1901,
is binding upon the defendant, Jakub Vanek, as to the find-
ings of fact therein contained, including the finding of the
relative values of lots 2 and fractional lot 1 therein de-
scribed; that it has been determined by the said Supreme
Court that the complainant is entitled to redeem the property
hereinafter described upon payment of the sum of $237.64,
and orders the complainant to pay to the defendant said sum
within sixty days from date; and orders Vanek to execute
and deliver to Senft a proper and sufficient conveyance in
fee of said fractional lot 1 by special warranty deed, the
same to be joined by the wife of said Vanek, and upon
Vanek's refusal then G. Fred Rush, master in chancery of
this court, make conveyance in the name of said Vanek, and
in default of such payment being made by Senft within the
time aforesaid, the amended bill of complaint to be dismissed
for want of prosecution."

Appellant contends that upon the filing of the mandate,
the Superior Court should have entered an order that his de-
murrer to the amended bill of complaint be overruled and a
rule on him to answer the bill, and that it was error to render
a final decree for the complainant without overruling his de-
murrer to the bill entering a rule on him to answer and an

order that the bill be taken as confessed by him on his failure to answer, and also that it was error to render the decree without proofs.

The purpose of the bill was to permit Senft, the owner of a part of lot 1, to redeem his premises from a sale under a decree for the foreclosure of a mortgage upon his premises and upon lot 2, of which Jakub Vanek was the owner. At such sale Vanek bought Senft's part of lot 1 for a price sufficient to pay the decree in full and thereby release lot 2 from the lien of the decree. To the original bill Jakub Vanek, Anna Vanek his wife, and Strauss, Draper and Kramer were defendants. The three defendants last named held a mortgage executed by Vanek upon lot 2, but which by mistake included also that part of lot 1 owned by Senft in which Vanek did not claim to have any interest at the time the mortgage was executed. All of the defendants demurred to the bill and their demurrers were overruled; thereupon the Vaneks elected to stand by their demurrer and the bill was taken as confessed as against them. The other defendants answered the bill and the complainant filed a replication to their answer. The cause was then referred to a master to take and report proofs, etc. Upon the coming in of the master's report the cause was heard and a decree rendered therein October 28, 1901. This decree begins with a recital that the cause was heard upon the bill taken as confessed as against the defendants Jakub and Anna Vanek, the answer of the other defendants and upon the report of the master "to whom this cause was referred to take proofs herein and report the same to the court with his conclusions, etc." It contains numerous findings apparently inserted as a basis for a decree for the complainant, and concludes with the direction that the bill be dismissed for want of equity as against the defendants Strauss, Draper and Kramer, and a declaration that, "nothing in this decree contained shall in any way affect the rights of Vanek or Senft with reference to lot one." This decree, while final in favor of Strauss, Draper and Kramer, left the suit pending as against Jakub and Anna Vanek. Complainant then dismissed his bill, but Novem-

ber 27, 1901, the order dismissing the bill as against the
Vaneks was set aside and complainant given leave to file an
amendment to his bill *instanter*. The amendment was filed
and a rule entered that the Vaneks demur to or answer the
same. The Vaneks demurred and their demurrer to the bill
as amended was sustained January 13, 1902, and complain-
ant was given leave to file an amended bill *instanter*. On
the same day he filed an amended "engrossed" bill against
Jakub Vanek alone, to which Vanek demurred.

February 3, 1902, the following order and decree was
made in the cause: "On motion of defendant it is ordered
that the demurrer to the engrossed amended bill of complaint
be and the same is sustained and that said bill be dismissed
for want of equity, from which order complainant prays an
appeal, etc." The complainant filed his appeal bond Febru-
ary 18, 1902, and it was this appeal which was before this
court at the October term, 1902.

The view of this case most favorable to appellant is, that
the former appeal brought before this court, and before the
Supreme Court on the appeal from this court, only the ques-
tion of the sufficiency of the amended "engrossed" bill, and
that the judgment of the Supreme Court reversing the de-
cree of the Superior Court and remanding the cause to that
court with directions to proceed in accordance with the views
expressed in the opinion of the Supreme Court, was in effect
a reversal of the decree of the Superior Court and a remand-
ing of the cause to that court with directions to overrule the
demurrer to the amended "engrossed" bill.

No doubt it would have been more regular for the Superior
Court to enter, upon the redocketing of the cause, an order
overruling the demurrer to the amended "engrossed" bill,
but that bill had been held sufficient by the Supreme Court
and the failure of the Superior Court to enter a formal order
overruling the demurrer to that bill was but an irregularity
by which the defendant was not prejudiced. He did not ask
that such an order be entered, nor apply to the court for
leave to answer the bill. If such an order had been made
the Court might have rendered the decree which was rendered

without ruling him to answer the bill and if that had been done the position of appellant would not be substantially different from that which he now occupies.

In Roach v. Chapin, 27 Ill., 194, it was said (p. 196): "It is also urged, that the court erred in rendering a decree against Roach upon overruling his demurrer, without first ruling him to answer the petition. In the case of Miller v. Davidson, 3 Gilm., 518, it was said, that the correct practice in chancery causes, upon overruling a demurrer to the bill, is not to render a decree; but the order should be, that the defendant answer the bill, and if he neglect to do so, the bill may be taken as confessed. But the court, in that case, seems to have refrained from reversing upon that ground. It is further said in that case, that the chancellor may, in his discretion, render a decree at once upon a bill taken as confessed, on the overruling of the demurrer to the bill. The question whether the defendant in error should have been ruled to answer, being one of discretion, it will not be reviewed in this court."

The question of the sufficiency of the proofs to sustain the decree is not before us. The transcript of the record is not certified to be a complete copy of the record of the cause, but to be a "Transcript of the record as *per praecipe* on file herein." Among the papers omitted is the report of the master and the proofs taken by him. That the cause was referred to a master to take and report proofs with his conclusions and that he did take and report proofs appears from the following recital in the decree entered in the cause October 28, 1901: "And this cause coming on to be heard upon the bill of complaint heretofore taken as confessed by and against the said defendants Jakub Vanek and Anna Vanek, the answer (of the other defendants) and upon the report of G. Fred Rush, master in chancery, to whom this cause was by an order heretofore entered referred to take proofs and report the same," etc.

Nor can the appellant be heard to say upon this record that the decree was entered without proofs. After the demurrer of himself and his wife to the original bill had been

overruled and the bill taken as confessed as against them, and after the other defendants had answered the bill and a replication had been filed to their answer, the cause was referred to a master to take and report proofs. The proofs taken under this order of reference and returned into court by the master are a part of the record of the cause.

It is true that the amended "engrossed" bill makes appellant the sole defendant thereto, but he was a defendant to the original bill; the amended "engrossed" bill was filed in the same cause in which the original bill was filed and in which the order of reference was made and the proofs taken and returned into court, and the proofs so taken and returned into court were a part of the record of the cause when the decree appealed from was rendered.

If, however, it be held that the decree of October 28, 1901, the findings of fact therein contained and the proofs in the cause were brought before the Supreme Court upon the former appeal and that the findings of fact contained in said decree were affirmed by the Supreme Court upon that appeal, then the decree now appealed from was, upon the record before the Superior Court, proper.

The decree of the Superior Court will be affirmed.

*Affirmed.*